

November 15, 2021

2600 Troy Center Drive
P.O. Box 5025
Troy, MI 48007-5025
Tel: 248-851-9500
Fax: 248-538-1223
www.secrestwardle.com

**MARK S. ROBERTS**
Direct: (248) 539-2815
mroberts@secrestwardle.com

**VIA EMAIL and REGULAR U.S. MAIL**
willienardbanks@gmail.com
Mr. Willienard Banks
3173 Chestnut Run Drive
Bloomfield Hills, MI 48302

**Re:** Water Damage Claims – Chestnut Run Drive's Drainage Easement

Dear Mr. Banks:

I am writing in response to your correspondence dated October 25, 2021. I have reviewed the exhibits you have attached and the statutes and other authorities you have cited. I have researched the arguments you raised in your correspondence and do not find any support for your assertions that the subject easement is a "public drain easement" where the plat does not reference the easement as a public drain easement.

The Chestnut Run plat states the roads are dedicated to the use of the public. No other public dedication is noted in the plat. The relevant portion of the plat reads as follows:

> PROPRIETOR'S CERTIFICATE:
>
> CHESTNUT RUN LIMITED PARTNERSHIP, A MICHIGAN LIMITED PARTNERSHIP, DULY ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF MICHIGAN, BY ROBERT M. KATZMAN, GENERAL PARTNER AS PROPRIETOR, HAS CAUSED THE LAND TO BE SURVEYED, DIVIDED, MAPPED AND DEDICATED AS REPRESENTED ON THIS PLAT, AND THAT THE STREETS ARE FOR THE USE OF THE PUBLIC, AND THAT THE PUBLIC UTILITY EASEMENTS ARE PRIVATE EASEMENTS, AND THAT ALL OTHER EASEMENTS ARE FOR THE USES SHOWN ON THE PLAT; THAT LOTS 29 AND 30 SHALL NOT HAVE VEHICULAR ACCESS TO HICKORY GROVE, AND THAT LOTS 3 THRU 12 INCLUSIVE EXTEND TO THE WATERS EDGE OF ORANGE LAKE AS SHOWN ON THIS PLAT.

Willienard Banks
November 15, 2021
Page 2

The plat depicts a drain easement running from Chestnut Run Drive toward the lake between Lots 6 and 7. The drain is simply designated "20 DRAIN EASEMENT" and is not specifically designated as a public drain easement. Nowhere on the plat is there a dedication, gift or grant to the public marked or noted as such on the plat conveying the drain easement to the public. The only such dedication, gift or grant to the public is the streets; the plat specifies "that the streets are for the use of the public."



Your October 25 correspondence suggests that MCL §560.253(1)[1] requires the Township to maintain the drain because it is purportedly a public drain easement. The plat, however, merely indicates that the easement between Lots 6 and 7 is for the use as a drain easement, it is not described as a public drain easement. As noted in MCL §560.253(2), the municipality in which the plat is situated holds in trust the land intended for the streets, alleys, commons, parks or other public uses <u>as designated on the plat</u>. Since the drain easement is not "designated on the plat" as a public drain easement or for use as a public drain, the Township does not hold the easement in trust, nor is it obligated to maintain the drain structure located within the easement. There is simply no basis for the conclusion that the easement between Lots 6 and 7 is a Township drain easement.

---

[1] MCL § 560.253:
Sec. 253. (1) When a plat is certified, signed, acknowledged and recorded as prescribed in this act, every dedication, gift or grant to the public or any person, society or corporation marked or noted as such on the plat shall be deemed sufficient conveyance to vest the fee simple of all parcels of land so marked and noted, and shall be considered a general warranty against the donors, their heirs and assigns to the donees for their use for the purposes therein expressed and no other.

Willienard Banks
November 15, 2021
Page 3

You contend that if there are private dedications, they must be shown on the plat, citing MCL §560.202[2] and MCL §560.204[3]. A plain reading of these statutes, however, indicates that public dedications must also be specifically conveyed or dedicated as well. Your citation to MCL §560.255b is unavailing for the same reason, it applies to land that has been dedicated to the use of the public. In this instance, only the streets have been dedicated for the use of the public.

Private property cannot be forced on a municipality without its consent. As stated in *Marx v. Dep't of Com.*, 220 Mich. App. 66, 73; 558 N.W.2d 460 (1996), "the well-established rule is that a valid dedication of land for a public purpose requires two elements: a recorded plat designating the areas for public use, evidencing a clear intent by the plat proprietor to dedicate those areas to public use, and acceptance by the proper public authority."[4] The first requirement for a valid dedication is missing from the your argument, the plat does not contain a designation that the drain easement is for a public use.

You also claim that the Court in *Youmans v Charter Township of Bloomfield*, Mich App ___; ___ NW2d ___ (2021), No. 348614 at p. 36, declared that "the storm drain systems benefit the general public". Your argument, however, omits the type of drain being discussed in the *Youmans* decision, and the issue presented in that case. The actual quote from the opinion reveals the Court of Appeals is discussing <u>county</u> storm-sewer systems. The Court's opinion states "although county storm-sewer systems certainly benefit the general public", the Court was not discussing a platted drain easement. This is in keeping with the issue being discussed, which was the County maintenance charge to the Township for the maintenance of the public drains in the Township maintained by the Oakland County Water Resources Commissioner's office. The problem with citing the *Youmans* opinion in support of your argument is that there is no basis to classify

---

[2] The land intended for the streets, alleys, commons, parks or other public uses as designated on the plat shall be held by the municipality in which the plat is situated in trust to and for such uses and purposes.
(3) A reservation or an ownership interest in mineral rights or underground gas storage rights in land shall not constitute the holding of title for the purpose of signing the proprietor's certificate.
[2] MCL § 560.202:
 Sec. 202. (1) The plat shall be called an assessor's plat and given a name. It shall plainly define the boundary of each parcel, each street, alley or road and dedication to public or private use, as such, shall be evidenced by the records of the register of deeds.
(2) The plat shall be made by a surveyor.
[3] MCL § 560.204:
Sec. 204. (1) The surveyor making the plat shall survey and lay out the boundaries of each parcel, street, alley or road and dedication to public or private use, according to the records of the register of deeds and whatever other evidence that may be available to show the intent of the buyer and seller, in the chronological order of their conveyance or dedication.
(2) The surveyor shall also:
(a) Set temporary monuments to show the results of the survey.
(b) Make a map of the proposed plat to the scale of not more than 100 feet to 1 inch.
[4] Quoting *Kraus v Dept. of Commerce*, 451 Mich 420, 424; 547 NW2d 870 (1996).

Willienard Banks
November 15, 2021
Page 4

the platted 20' drain easement as a public drain. It is certainly not a county drain, nor is the easement designated a public drain easement on the plat.

When you brought this situation to the attention of the Township, the Township noted that the streets in the subdivision are dedicated to the use of the public. The drain between Lots 6 and 7 appears to drain the roadway, directing the storm water from the road to Orange Lake. You were therefore directed to the Road Commission, which is the governmental agency responsible for road maintenance in the Township. The Road Commission's denial of responsibility for the drain maintenance does not convert the drain to a public drain under the Township's control, there is simply no dedication of this drain to the public.

You argue that your research regarding the Road Commission's reliance on MCL §691.1402(1) provides that its duty "to repair and maintain highways, and the liability for that duty, extends only to the improved portion of the highway designed for vehicular travel and does not include sidewalks, trailways, crosswalks, or any other installation outside of the improved portion of the highway designed for vehicular travel." What you fail to consider is that MCL §691.1402(1)[5] is not limited to the Road Commission, it is equally applicable to the Township. The mere fact that the platted "20 Drain Easement" runs from the road dedicated for the use of the public to the lake does not mean the Township is responsible to maintain the drain. The duty of all governmental agencies to maintain the roads dedicated to the public is limited. Since the drain is not designated as a public drain, MCL §691.1402(1) limits the governmental duty to maintain the public road only to the improved portion of the highway designed for vehicular travel and does not include sidewalks, trailways, crosswalks, or <u>any other installation</u> outside of the improved portion of the highway designed for vehicular travel.

In pointing out that the plat does not dedicate the drain to the public, I am not expressing the opinion that it is your personal responsibility to maintain the drain. The drain easement was created on the plat for the subdivision and is not specifically described as a reciprocal easement between the owners of Lots 6 and

---

[5] MCL § 691.1402(1)

Sec. 2. (1) Each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency. The liability, procedure, and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in section 21 of chapter IV of 1909 PA 283, MCL 224.21. Except as provided in section 2a, the duty <u>of a governmental agency</u> to repair and maintain highways, and the liability for that duty, extends only to the improved portion of the highway designed for vehicular travel and does not include sidewalks, trailways, crosswalks, or any other installation outside of the improved portion of the highway designed for vehicular travel. A judgment against the state based on a claim arising under this section from acts or omissions of the state transportation department is payable only from restricted funds appropriated to the state transportation department or funds provided by its insurer.

Willienard Banks
November 15, 2021
Page 5

7, although that is one possible interpretation. The drain was created by the subdivision plat and was not dedicated to the use of the public, thus the Township advised you that it was not responsible for the maintenance of the drain. The Township, pursuant to MCL §691.1419(4), advised you of other governmental entities that may be responsible. The response was not intended to state definitively who is responsible, but only to advise you that the Township is not the holder of the "20 DRAIN EASEMENT" shown on the plat.

Should you have questions or comments regarding any of the above, I am available by telephone at (248) 539-2815 or via email at mroberts@secrestwardle.com.

        Very truly yours,

        *SECREST WARDLE*

        Mark S. Roberts

        Mark S. Roberts

MSR/km

cc:    Dani Walsh, Supervisor
       Noah Mehalski, DPW Director
       Olivia Olsztyn-Budry, EESD Director
       Derk Beckerleg, Secrest Wardle

7218848_1