

QUALITY LIFE THROUGH GOOD ROADS:
ROAD COMMISSION FOR OAKLAND COUNTY
"WE CARE."

**Board of Road Commissioners**

Andrea LaLonde
*Commissioner*

Nancy Quarles
*Commissioner*

Ronald J. Fowkes
*Commissioner*

Dennis G. Kolar, P.E.
*Managing Director*

Gary Piotrowicz, P.E., P.T.O.E.
*Deputy Managing Director*
*County Highway Engineer*

**Office of the General Counsel**

Jennifer J. Henderson
*General Counsel*

Matthew R. Willson
*Deputy General Counsel*

Jienelle R. Alvarado
*Assistant General Counsel*

31001 Lahser Road
Beverly Hills, MI 48025

248-645-2000

FAX
248-6456277

www.rcocweb.org

May 18, 2022

Mr. Willienard Banks
3173 Chestnut Run Drive
Bloomfield Hills, MI 48302

   Re: Chestnut Run Drive, Bloomfield Township

Dear Mr. Banks:

As noted in my email to you dated March 22, 2022, the Road Commission for Oakland County (RCOC) is in receipt of your letter dated March 18, 2022, along with the exhibits attached thereto. Please be advised we have reviewed the same and provide the following in response.

As you have been told by township, and as you describe in detail on Page 8, the drain easement on Lot 6 in your subdivision plat is private. *See also* Exhibit 4. The case you cite, *Figueroa v Garden City*, 169 Mich App 619 (1988), is not applicable to the instant matter. This is not a situation where RCOC is delegating a duty. In *Figueroa*, the defendant city had a legal obligation per statute to maintain the public sidewalk. That case is clearly distinguishable. Because the easement in your subdivision is private, RCOC has no statutory obligation and therefore no legal obligation exists to delegate.

It bears noting there are drainage easements that are public. The easement in your plat simply is not. To that end, please be advised that RCOC concurs with the analysis of Mr. Mark Roberts and his letter to you dated November 15, 2021, which you included as Exhibit 2. In that letter, Mr. Roberts explains that the drain easement is private. It was not designated as public, it was not dedicated to or accepted by the township. It was not dedicated to the public and therefore it was not accepted as public by RCOC. As a result, that easement is not under RCOC's jurisdiction. Said differently, RCOC does not hold the easement on Lot 6, and therefore has no requirement to maintain it, contrary to your assertion on Page 3.

Further, and also contrary to your assertion on Page 4, there is no artificial diversion of water. The summer of 2021 brought exceptional storms, also known as "100 year storms," as also noted by Township Supervisor Dani Walsh in her email. *See* Exhibit 9; *See also* Exhibit 6. The existence of a drain easement does not equate to a government agency responsibility where, as here, said easement has not been dedicated to the public in the plat.

The import of the drain easement being private cannot be understated. However, your letter also raises an issue outside of the easement, to wit the culverts and/or sewers around your property. A majority of your letter



**QUALITY LIFE THROUGH GOOD ROADS:
ROAD COMMISSION FOR OAKLAND COUNTY
"WE CARE."**

Mr. Willienard Banks
May 18, 2022
Page 2

seems to allege a "defect" in those structures. At the outset, based on the information you have provided, as well as our records, we would dispute the existence of a "defect" in any culvert or basin under the jurisdiction of RCOC that would affect water flow on to your property at the address above. *See* Exhibit 8. The reconstruction of Chestnut Run Drive in 2019 as you discuss on Page 7 did not create a defect.

You allege RCOC has liability under MCL 691.1416 et seq. *See* Pages 2, 8-11. MCL 691.1416 provides the specific definitions pertinent to sewage disposal system events. Nothing you have identified or described meets the definitions therein, specifically as it relates to (e), the definition of "defect.".

MCL 691.1417 sets forth the requirements necessary to utilize the exception to governmental immunity. Again, the information you have provided does not meet that threshold, to wit subparts (3)-(6). Therefore, the exception to governmental immunity found at MCL 691.1417(3) does not apply. Further, the analysis of governmental immunity on Page 10 is incomplete. As the case law clearly and consistently states, governmental immunity is broadly applied, and the exceptions are narrowly construed.

On Page 5, you cite to *Linton v. Arenac County Road Commission*, 273 Mich App 107 (2006) as support for your position. However, *Linton* involved allegations of an overt act on the part of that Road Commission leaving tree debris in the roadside drainage ditch near the Plaintiffs' home, creating a dam that caused flooding. No such facts exist here. While you allege a "defect," you do not identify what that defect is. Similarly, you cite to *Willet v. Waterford Charter Township*, 271 Mich App 38 (2006), on Page 11, which involved a temporary obstruction. Again, there is no such obstruction here. *See* Exhibit 8 and Exhibit 9.

On Page 5, you characterize Exhibit 8 as serving "as an acknowledgement that RCOC is discharging storm sewer water into the system," which is a wholly inaccurate characterization. In fact, Exhibit 8 is simply a record of the inspection of the culvert, which occurred the day following your phone call to RCOC, and shows RCOC's timely and reasonable steps to address your call.

Drain easements are different than culverts. Roads are different than culverts. Your analysis seems to blend these various infrastructure facets interchangeably. As a result, that analysis is fundamentally flawed.

In conclusion, I would again refer you to Page 4 of your Exhibit 2, where Mr. Roberts addresses your arguments relative to MCL 691.1402(1).



**QUALITY LIFE THROUGH GOOD ROADS:
ROAD COMMISSION FOR OAKLAND COUNTY
"WE CARE."**

Mr. Willienard Banks
May 18, 2022
Page 3

"Since the drain is not designated as a public drain, MCL 691.1402(1) limits the government duty to maintain the public road only to the improved portion of the highway designed for vehicular travel and does not include sidewalks, trailways, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel." The drain easement on your subdivision plat is private, and therefore RCOC does not have jurisdiction over said easement. There is no defect creating liability for RCOC under our state statutes.

Thank you,

Jennifer J. Henderson (P55440)
General Counsel
Road Commission for Oakland County